UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| HAROLD HAYWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | 2:18-CV-0032-JRG-MCLC |
| | ) | |
| vs. | ) | |
| | ) | |
| HILLCREST, DAVIDSON, AND ASSOCIATES LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned pursuant to 28 U.S.C. § 636 and Order of Reference by the District Court [Doc. 12] for a Report and Recommendation regarding the Motion for the award of attorney's fees against Defendant Hillcrest, Davidson, and Associates LLC ("Hillcrest") [Doc. 11].

On March 9, 2018, Plaintiff sued Defendant Hillcrest, alleging a number of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Plaintiff requested actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) [Doc. 1]. On April 7, 2018, Plaintiff returned the Summons, indicating he had properly served Defendant on March 15, 2018 [Doc. 6].

On April 7, 2018, Plaintiff applied for entry of default based on Defendant's "failure to plead or otherwise defend in a timely manner, as provided by Rule 55(a) of the Federal Rules of Civil Procedure."[1] [Doc. 7, p.1]. On April 30, 2018, the Clerk entered a default against Defendant pursuant

---

[1] Fed.R.Civ.P. 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

to Rule 55(a) [Doc. 10]. On May 30, 2018, Plaintiff filed a Motion for Default Judgment, seeking entry of a judgment in the amount of $1,000.00 in statutory damages and the award of costs and attorney's fees [Doc. 11]. On October 19, 2018, the undersigned filed a Report and Recommendation recommending Plaintiff's Motion for Default Judgment be granted with regard to the request for statutory damages and the Plaintiff be required to provide an affidavit of costs and fees to address the sum certain requirement of Fed.R.Civ.P. 55(b)(1). The District Court accepted the Report and Recommendation, granted the Motion for Default Judgment, ordered the recovery of $1,000.00 plus post-judgment interest from Hillcrest, and required Plaintiff to produce an affidavit of costs and attorney's fees [Doc. 14]. On December 15, 2018, Plaintiff filed a Motion for Attorney's Fees with a supporting memorandum and the requisite declaration [Docs. 16, 17].

The FDCPA permits the award of "a reasonable attorney's fee" and costs to a prevailing party. *See* 15 U.S.C. § 1692k(a)(3); *Dowling v. Litton Loan Servicing LP*, 320 F.App'x 442, 447 (6th Cir. 2009). A reasonable fee is one that is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir.2004). Determining a reasonable fee begins with calculating the product of "a reasonable hourly rate" and "the number of hours reasonably expended on the litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The prevailing market rate provides a useful guide in determining reasonableness. *Dowling*, 320 F.App'x at 447.

Plaintiff's counsel requests that the Court award a total attorney's fee of $3,250.00 based on an hourly rate of $325.00 and 10.0 hours of legal time expended on this matter. [Doc. 17-1]. In support of his request, he has filed his own personal declaration outlining his years of experience "in the representation of consumers in financial matters against banks, mortgage companies, finance companies, and debt collectors" [*Id*.]. He also attached the declaration of another attorney, Brent S. Snyder, who advises that the rate of $325.00 per hour is reasonable in light of the subject matter

involved and the experience of Plaintiff's attorney [Doc. 17-3]. He also reviewed the submitted hours of Plaintiff's attorney and felt the hours were reasonable for the work and services performed.

In 2009, the Sixth Circuit approved a $300.00 hourly rate for a FDCPA case over the objection of the servicer. *Dowling v. Litton Loan Servicing LP,* 320 F.App'x 442, 447 (6th Cir. 2009). Here, no objection has been filed. Similarly, this District has approved fees in the range of $3,300 in other FDCPA cases involving the award of or offers of judgment for statutory damages of approximately $1,000. *See Watson v. Financial Accounts Serv. Team, Inc.*, 2017 WL 1393828, at * 1 (E.D. Tenn. 2017), *Derry v. Buffaloe & Associates, PLC*, 2014 WL 4450146, at *1 (E.D. Tenn. 2014).

Based upon the Complaint, Plaintiff's counsel's declaration, the declaration of Attorney Snyder, the itemization of the services performed, that no objection has been filed and no contravening evidence presented that would dispute either the hourly rate or the number of hours, the undersigned finds that the requested attorney's fees of $3,325.00 is reasonable under the circumstances. Accordingly, the undersigned recommends the District Court approve Plaintiff's Motion for Attorney Fees [Doc. 16] in the amount of $3,250.00.[1]

                Respectfully Submitted,

                s/Clifton L. Corker
                United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).